UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA GAY BOEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-cv-00723-SRC |
| | ) |
| FOX GROVE LLC, | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

This matter is before the Court upon the motion of plaintiff Lisa Gay Boey for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that Boey is unable to pay the filing fee. The Court grants the motion. Additionally, for the reasons discussed below, the Court dismisses this action without prejudice and denies as moot Boey's motion seeking the appointment of counsel.

**Legal Standard**

The Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The Court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

The Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel, *see McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Boey prepared her Complaint using a combination of the Court's Civil Complaint form and her own typewritten pages. In the typewritten pages, Boey sets forth her argument regarding

2

the Court's jurisdiction, as well as her statement of claim and prayer for damages.  Boey identifies herself as an Illinois resident, and identifies the defendant as a Missouri corporation called Fox Grove, LLC.  She asserts that "Gunn v. Minton 568 U.S. 251 (2013)" provides the basis for the Court's jurisdiction over this action.  Doc. 1 at p. 8.  She does not explain the basis for that assertion, and review of that case does not reveal one.  Boey also asserts that the Court has jurisdiction over this action because it involves the "Federal Questions" of "Jay Treaty 1794," "Greenville 1795," and "Tunis 1797."  *Id.*  She does not explain the basis for those assertions, and the Court's review reveals no relationship between the cited material and this case.

Boey identifies her complaint as one "seeking and injunctive of relief resulting in compensatory damages for liability while residing in the apartment unite on 1218 A Chouteau Ave St. Louis Mo, 63103."[1]  Doc. 1 at p. 6.  She sets forth her statement of claim as follows:

> I took Ill during those months of October 2020 Thru March 2022 I caught the flu a viral infection which can be deadly, Diagnose with Athirst in my lower back on the left side of my body. Regarding these conditions no working heating cooling equipment, I am still residing in the apartment this 5th day of July 2022 with the central air equipment broken from Oct 2020. It's been really hot in my apartment on 1218 A Chouteau Ave Upstairs apartment St. Louis Mo, 63103

> **First Cause**

> 2. On May 4,2022I received a notice to vacate the apartment unite do to Abandonment of Leased premises on my door1218 A Chouteau Ave St. Louis Mo,63103 the notice was an Illegal Eviction served by the property Manager of Old French Town a part of Fox Grove LLC.

> 3. On June 3,2022 a second notice was posted on my door at 1218A Chouteau Ave St. Louis Mo,63103 by a process server Staten that in the 22nd Judicial Circuit City of St. Louis Missouri case# 222aCo5929 appear in court on June 29,2022 on Web at 10.30 am

---

[1,2,3] The text is quoted verbatim without correction of spelling or grammatical errors.

3

*Id.*[2]  Review of records publicly available on Missouri Case.net in the matter identified with case number 2222-AC05929 shows that it is a currently pending rent and possession action that Fox Grove Management, LLC filed against plaintiff.

For her prayer for relief, Boey writes:

> Do to the outrages conduct of the Defendant above described reckless, not safe for no one to reside in the apartment located in 1218 A Chouteau Ave St. Louis Mo, 63103 the owner disregarded All rules of the slum land lord laws in the state of Missouri. The act of omission above described actual therefore punitive and compensatory damages are appropriate should be imposed in this instance awarded in the amount of 300,000

*Id.* at 7.[3]

## Discussion

The Court has carefully reviewed and liberally construed the Complaint, and can discern no plausible claim for relief.  The Complaint contains no non-conclusory factual allegations that can be construed as stating a viable state-law claim.  While Boey indicates that heating and/or air conditioning equipment was broken, she alleges no facts that would state a cause of action premised upon a failure to perform an obligation under her lease.  Boey also fails to allege facts that can be construed as alleging any impediment to housing based upon an impermissible reason, or any other allegations that can be construed as stating a claim arising under federal law.  Boey's statements that she was illegally evicted and that the owner violated the law are legal conclusions that the Court is not required to presume true, *see Iqbal*, 556 U.S. at 678, and her statement that she was given a notice to appear in court does not describe conduct that would give rise to a cause of action.  While the Court must liberally construe *pro se* filings, the Court will not construct claims or assume facts that Boey has not alleged.  *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).  For these reasons, the Court dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

4

Accordingly, the Court grants Boey's [2] motion seeking leave to commence this action without prepaying fees or costs. The Court dismisses this case without prejudice. A separate order of dismissal accompanies this memorandum and order. The Court denies Boey's [3] Motion to Appoint Counsel as moot. The Court certifies that an appeal from this dismissal would not be taken in good faith.

So Ordered this 8th day of September 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE